UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK DEON LEAK, #535513,

                Plaintiff,                    Case No. 23-cv-10389
                                                    Hon. Matthew F. Leitman

v.

MICHAEL J. BOUCHARD
AND KEVIN THOMAS,

                Defendants.

_____/

## ORDER (1) SUMMARILY DISMISSING PRO SE COMPLAINT AND (2) DETERMINING THAT APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I**

Michigan prisoner Patrick Deon Leak ("Plaintiff"), currently confined at the Robert G. Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Oakland County Sheriff Michael J. Bouchard and Detective Kevin Thomas.  The Court has granted him leave to proceed without prepayment of the filing fee for this action.  In his complaint, Plaintiff asserts that his due process rights were violated when Detective Thomas failed to properly investigate and/or pursue criminal charges for an incident in which he (Plaintiff) suffered a gunshot wound.  Plaintiff also asserts that he was not given medical attention for his gunshot wound after being released from the hospital while

1

confined at the Oakland County Jail.  He sues the defendants in their individual and official capacities and seeks monetary damages.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under § 1983.

## II

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim

showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris*

*v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  With these standards in mind, the Court concludes that Plaintiff's complaint is subject to summary dismissal.

### III

First, Plaintiff's complaint against Sheriff Bouchard must dismissed.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff makes no specific factual allegations against Sheriff Bouchard in his Complaint.  Indeed, the Complaint does not even mention Sheriff Bouchard (other than listing him as a Defendant).  Plaintiff thus fails to state a claim upon which relief may be granted against Sheriff Bouchard.

Second, Plaintiff's complaint against Detective Thomas must be dismissed. Plaintiff alleges that Detective Thomas failed to properly investigate the shooting in which he (Plaintiff) suffered a gunshot wound and/or pursue criminal charges against the perpetrator.  However, a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476

U.S. 54, 63 (1986).  Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another.  *Id*. at 64–65.  Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."); *see also Jones v. Washington*, No. 2:22-CV-11843, 2023 WL 1112495, *3 (E.D. Mich. Jan. 30, 2023) (citing *White, supra*, and dismissing similar claims).

Third, to the extent that Plaintiff asserts that he was denied medical care for his gunshot wound after being released from the hospital while confined in jail, he fails to state a viable claim for relief.  His claim lacks factual support.  He fails to specify what either of the Defendants did or did not do in the context of his medical care or to otherwise allege facts showing that they were involved in his medical care while in jail.  He also fails to allege what treatment he needed, what injury he suffered, or what relief he seeks in this regard.  Conclusory allegations are insufficient to state a claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).  Plaintiff thus fails to state a claim

upon which relief may be granted as to this issue.  His complaint must be dismissed.

## IV

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2023


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126